## JOHN LOUIS WEAVER *v.* STATE OF MARYLAND

[No. 535, September Term, 1969.]

*Decided July 7, 1970.*

638

The cause was argued before MURPHY, C.J., and AN-
DERSON, MORTON, ORTH, and THOMPSON, JJ.

*A. Gordon Boone, Jr.* (*W. Kennedy Boone, III*, on the brief) for appellant.

*James L. Bundy, Assistant Attorney General*, with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City*, and *John C. Griffin, Assistant State's Attorney for Baltimore City*, on the brief, for appellee.

MORTON, J., delivered the opinion of the Court.

Appellant was convicted of daytime housebreaking in a non-jury trial and sentenced to three years imprisonment. In this appeal he contends that the corroborative evidence of an accomplice's testimony was legally insufficient to support the conviction. We agree.

The accomplice testified that he and the appellant broke into a residence, removed a television set therefrom and placed it in a truck. The owner of the television set testified that she left home at 2:30 p.m. and when she returned at 5:30 p.m. the same day, she found the back door of her residence broken and the television set missing.

A fourteen year old girl who was a neighbor of the victim testified that after she came home from school on the day of the breaking, she "saw some boys with a truck, and they had a television with them * * *." She "recognized one of the boys as Mike" but did not know his last name and could not remember how many other boys were

present. She did not identify appellant as having been one of the boys she saw with the television.

The testimony of an accomplice, alone, will not support a conviction unless it is corroborated by evidence "tending to show that the accused was either identified with the perpetrators of the crime or participated in the commission of the crime itself." *Gaskins v. State,* 7 Md. App. 99, 103. While the testimony of an accomplice needs only slight corroboration, we feel, under the circumstances here, that the corroboration was legally insufficient to support the conviction. Other than the testimony of the accomplice, there was no evidence presented from which the criminal agency of the appellant could be inferred.

> *Judgment reversed.*
> *Case remanded for a new trial provided state forthwith satisfies trial court additional evidence is available.*